IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY C. MENDEZ, | ) | No. C 12-1342 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE; DENYING APPOINTMENT OF COUNSEL** |
| vs. | ) ) | |
| LEWIS, Warden, | ) ) | |
| Respondent. | ) ) ) | **(Docket No. 7)** |

## INTRODUCTION

Petitioner, a prisoner incarcerated at Pelican Bay State Prison who is proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the calculation of his release date by prison officials. This order directs Respondent to show cause why the petition should not be granted, and denies Petitioner's motion for appointment of counsel.

## BACKGROUND

In 1993, Petitioner was convicted in Los Angeles County Superior Court of robbery and other related offenses. The trial court sentenced him to a term of 37 years in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. In 2011 and 2012, Petitioner filed unsuccessful habeas petitions in all three levels of the California courts raising the claim

raised here, namely that a new state law has changed his release date, in violation of his rights under the Ex Post Facto Clause of the constitution.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims that a new state law violates his constitutional rights under the Ex Post Facto Clause of the constitution because it has retroactively delayed the date he will be released from state prison. Liberally construed, this claim is sufficient to warrant a response from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on

2

1     Respondent within **thirty (30)** days of the date the answer is filed.

2         3.  Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

        4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        5.  The motion for appointment of counsel (docket number 7) is DENIED for want of extraordinary circumstances or any apparent need for an evidentiary hearing at this time.

        IT IS SO ORDERED.

DATED: April 26, 2012

JEFFREY S. WHITE
United States District Judge

Case3:12-cv-01342-JSW   Document9   Filed04/26/12   Page3 of 4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HENRY C MENDEZ,

        Plaintiff,

  v.

LEWIS, PBSP WARDEN et al,

        Defendant.

Case Number: CV12-01342 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Henry C. Mendez C-01966
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-2500

Dated: April 26, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk