UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY C. MENDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LEWIS, Warden,<br><br>　　　　Respondent. | Case No. 12-cv-01342-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

# INTRODUCTION

Petitioner Henry Mendez seeks federal habeas relief from the application of a state law amended while he was in prison that prevents him from earning conduct credits because he is validated as an associate of the Mexican Mafia, a prison gang. The question I must decide is whether the amended law, California Penal Code section 2933.6(a), violates the Ex Post Facto Clause of the United States Constitution. Because the state law addresses Mendez's ongoing conduct — membership in a prison gang — and there is no federal precedent directly on point, I cannot say that the state courts' denials of Mendez's challenge was contrary to, or involved an unreasonable application of, federal law. The petition for habeas relief is DENIED.

## BACKGROUND

In 1993, Mendez was convicted in state court of second degree and attempted robbery. He is serving a state prison term of thirty-seven years. During his incarceration, he was validated as an associate of the Mexican Mafia prison-gang and as a consequence was placed in Secured Housing Unit ("SHU") for an indeterminate term.

In 2010, amendments to California Penal Code § 2933.6 rendered certain prison gang members and associates, such as Mendez, ineligible for various time credits. Before the 2010 amendment, "it was apparently possible for validated prison gang members placed in an [administrative segregation unit] to earn conduct credits totaling one-third of their sentences." *In re Efstathiou*, 200 Cal. App. 4th 725, 728 (Cal. Ct. App. 2011).

As grounds for federal habeas relief, Mendez contends that the application of California Penal Code § 2933.6 to his sentence violates the Ex Post Facto Clause. His claim has been exhausted — it was rejected in the superior and appellate courts, and the California Supreme Court summarily denied it.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13

(2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

Mendez asserts that the application of the amended statute to his sentence violates the Ex Post Facto Clause of the United States Constitution. "To fall within the *ex post facto* prohibition, a law must be retrospective — that is, 'it must apply to events occurring before its enactment' — and it 'must disadvantage the offender affected by it,' . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted). A change in the law does not violate the Ex Post Facto Clause if it creates only a speculative and attenuated possibility of increased punishment. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 514 (1995). The mere removal of a possibility of earlier release is insufficient. *Id.* at 508.

Mendez relies on two United States Supreme Court cases, *Weaver v. Graham*, 450 U.S. 24 (1981) and *Lynce*. In *Weaver*, the Court analyzed a state law that changed the formula for calculating good time credits which resulted in reducing the credits available for good conduct. Because the law at issue decreased the rate at which good time credits could be earned, and effectively increased the punishment for crimes committed before its enactment, it ran afoul of the Ex Post Facto Clause. *Id.* at 33, 36 (citation omitted).

In *Lynce*, the Court found an Ex Post Facto Clause violation in a change in a state law concerning provisional early release time credits awarded to inmates to alleviate prison overcrowding. Lynce had been released prior to the expiration of his 22 year sentence in part because of the high number of credits he had accumulated. After he was released, the state enacted a law cancelling the overcrowding credits for certain inmates, such as Lynce. The Supreme Court invalidated the law because it did not merely remove an opportunity for early release, but instead "made ineligible for early release a class of prisoners who were previously eligible." 519 U.S. at 447.

The state courts did not address *Weaver* or *Lynce* when they denied Mendez's petition. They simply cited *In re Sampson,* 197 Cal. App. 4th 1234 (Cal. Ct. App. 2011), which did distinguish both cases in discussing Section 2933.6. In *Sampson*, the state appellate court did not find that Section 2933.6 was an *ex post facto* law because it was "not convinced that it [§ 2933.6] punishes the criminal conduct for which petitioner was imprisoned, or that it punishes misconduct that occurred prior to January 25, 2010[, the effective date of the amended 2933.6]":

> [I]f the credit eliminating amendment to section 2933.6 constitutes punishment, *ex post facto* principles do not bar its application to petitioner here, because it does not impose punishment for the offense that gave rise to petitioner's prison sentence. Rather, if it punishes, it punishes for conduct that occurred after the commission of, or the conviction for, the punishable offense. In other words, petitioner's ineligibility for conduct credit accrual is not punishment for the offense of which he was convicted. Nor is it punishment for gang-related conduct that occurred prior to January 25, 2010, since petitioner was not stripped of conduct credits he had already accrued. It is punishment for gang-related conduct that continued after January 25, 2010.

197 Cal. App. 4th at 1242. The state court rejected the lower court's concern that the lengthy gang-debriefing process could deprive a prisoner of credits who is no longer committing gang-affiliated misconduct. Such possibility was speculative and attenuated, there being no evidence that if the petitioner completed debriefing, he would be denied all the credits he otherwise would have earned after January 25, 2010. *Id.* at 1243–44.

4

*Sampson* is consistent with *In re Efstathiou*, where the state appellate court again rejected an Ex Post Facto Clause challenge to the amended Section 2933.6. The *Efstathiou* court distinguished *Weaver* by noting that the credits at issue there "were reduced through no fault of [the prisoner]." 200 Cal. App. 4th at 729.

Federal district courts have also uniformly rejected Ex Post Facto Cluase challenges to Section 2933.6. These courts have found either no constitutional violation, *see, e.g., Loredo v. Gipson*, 2013 WL 1281570 (E. D. Cal. 2013) and *Mares v. Stainer*, 2012 WL 345923 (E. D. Cal. 2012), or the absence of clearly established Supreme Court precedent justifying issuance of the writ, e.g., *Nevarez v. Lewis*, 2012 WL 3646895 (N. D. Cal. 2012) (Illston, J.), and *Baisa v. Lewis*, 2013 WL 1117798 (N. D. Cal. 2013) (Koh, J.).

In light of the uniform determination of state appellate courts and federal district courts that Section 2933.6 is not an *ex post facto* law, habeas relief is not warranted here. The state courts' decisions were not an unreasonable application of *Weaver* and *Lynce*.[1] Specifically, the state courts' reliance on *Sampson* shows that they (1) used the date of in-prison misconduct after the amendment date of Section 2933.6 rather than the date of the underlying criminal offense to determine whether the amended law was retrospective, and (2) determined that the law punished ongoing, not past, conduct. This is not the same situation involved in *Weaver* and *Lynce,* where good time credits were unilaterally withdrawn or diminished as a result of a change in the rules, a diminution not triggered by any particular misconduct by the prisoner. The reduction in time credits available to those inmates who demonstrated good conduct there effectively punished the original crime rather than any recent conduct of the prisoner. Neither *Weaver* nor *Lynce* precludes

---

[1] The only Supreme Court decision that arguably supports Mendez's challenge is *Greenfield v. Scafati*, 277 F. Supp. 644 (D. Mass. 1967), summarily aff'd, *Scafati v. Greenfield*, 390 U.S. 713 (1968). However, *Greenfield* involved the constitutionality of a change in law which effectively increased a sentence upon revocation of parole. The district court focused particularly on the right to parole and the consequences of denying or burdening that opportunity. *See* 277 F. Supp. at 646. The district court did not analyze the *ex post facto* doctrine outside the context of parole revocation and it did not address the situation here where the state perhaps has increased punishment (by denying good time credits). Accordingly, *Greenfield* is of limited value in analyzing Mendez's case.

changes in the law that punish prison misconduct occurring after the change in law.

The state courts reasonably determined that Section 2933.6 is not being applied retrospectively to Mendez. That statute penalizes only ongoing prison misconduct occurring after the January 25, 2010 amendment. Mendez can choose to drop out of his prison gang and restore his credit eligibility by completing the prison's debriefing process. Cal. Penal Code § 2933.6(a); Cal. Code Regs. tit. 15, § 3378.1. The state courts' decisions were reasonable, and therefore are entitled to AEDPA deference. Mendez's petition for a writ of habeas corpus is DENIED.

## CONCLUSION

The state courts' adjudications of Mendez's petition did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** March 25, 2014

WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HENRY C MENDEZ,

        Plaintiff,

  v.

LEWIS, PBSP WARDEN et al,

        Defendant.

Case Number: CV12-01342 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Henry C. Mendez C-01966
Centinela State Prison
P.O. Box 931
Imperial, CA 92251

Dated: March 25, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk